No. 3905. — STATE OF LOUISIANA ON THE INFORMATION OF JOSEPH
WITTGENSTEIN v. F. J. HERRON AND J. W. FAIRFAX.

The suspension by the Governor of the Secretary of State from office did not create a
vacancy in the office of Secretary of State, and the Governor is without the power to
appoint a Secretary of State unless a vacancy has occurred in the office, and then only
*ad interim,* as provided by the constitution. In case the Governor has appointed a
person to take charge of the office during the suspension of the Secretary of State, such
person so appointed is only clothed with ministerial duties, and the appointment of an
Assistant Secretary of State by such person is absolutely void, because the power of
appointing an Assistant Secretary of State is conferred upon the Secretary of State
alone, and is not a ministerial act.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J.
S. *Belden,* Attorney General, for the State; *A. P. Field* and *J. Q.
A. Fellows,* for relator; *Semmes & Mott,* for defendants and appellees.

TALIAFERRO, J. Wittgenstein, the relator in this case, brings this
suit in conformity with the provisions of the intrusion act, complaining
that he was illegally ejected from the office of Assistant Secretary of
State by F. J. Herron, himself an intruder into and unlawfully exer-
cising the functions of Secretary of State, and who, by the illegal exer-
cise of the powers thereof, appointed in relator's place and stead one
John W. Fairfax, who, under color of this pretended appointment, has
illegally intruded into and assumes to exercise the duties of relator's
office. F. J. Herron was made a party to the suit, and the relator
prays that Herron and Fairfax be declared by judicial decree intruders
in office; that he be decreed entitled to the office of Assistant Secretary
of State, and that he be put in possession of the office and all the
papers and archives belonging to the same.

Exceptions were filed by the defendants to the mode of proceeding.
Fairfax excepted on the ground that the right to the two offices held by
two different individuals can not be inquired into in the same suit. He
answered further, in case his exception were overruled, denying the
plaintiff's allegations and pleading in substance his rightful tenure of
the office. The exception taken on the part of Herron is to the same
import, with the additional plea of *res judicata.* In the court below
the exception was sustained and the suit dismissed.

The relator has appealed.

It was not necessary, in the action of the relator in seeking his
rights, to incorporate a proceeding against Herron to have him decreed
to be an intruder. There was an unnecessary and improper joinder
of parties. Eliminating, therefore, from the action the extraneous
portion of it, we shall proceed to an examination of the issue between
Wittgenstein and Fairfax in regard to the office of Assistant Secretary
of State. The Governor suspended the Secretary of State from the
exercise of his functions as a State officer. No vacancy in the office
of Secretary of State thereby arose. The Governor is without power

to appoint a Secretary of State unless a vacancy occur in the office, and then only *ad interim*, as provided by the constitution.

Conceding that in case of the suspension of a Secretary of State from the performance of the duties of the office, the Governor would have, on general principles, the right to appoint a person to discharge the duties of Secretary of State, upon which we express no opinion, the person so appointed would be clothed only with ministerial duties, such as arise in the usual routine of office business. The Secretary of State is vested by law with the power to appoint an Assistant Secretary of State. This is not a mere ministerial duty. The person charged with the performance of the ministerial duties of the Secretary of State during his suspension from office is without power to remove from office, and much less without the power to appoint to office an assistant secretary for the reason that he himself is not Secretary of State.

The appointment of Fairfax to the office of Assistant Secretary of State by Herron is, therefore, nugatory and without effect. Wittgenstein's right to that office was in no manner impaired by the action taken in the matter by Herron. The suspension of Bovee from office by the Governor did not affect the right of Wittgenstein to discharge the duties of the office of Assistant Secretary of State, and the ejection of the latter from office was without warrant or authority of law.

We think the judgment of the court *a qua* erroneous. It is therefore ordered that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that this case be remanded to the court of the first instance, to be proceeded with in accordance with the views herein expressed and according to law, the defendant and appellee Fairfax paying costs of this appeal.